IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROWEE LEE BROWN,

       Petitioner,                No. 2:10-cv-3458-JAM-JFM (HC)

  vs.

J. D. HARTLEY,

       Respondent.             <u>FINDINGS AND RECOMMENDATIONS</u>

         Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002 conviction on charges of attempted rape, oral copulation by force or fear, and assault by means of force, likely to produce great bodily injury and the sentence of fifty years to life in prison imposed thereon. This matter is before the court on respondent's motion to dismiss this action on the ground that it is barred by the statute of limitations.

         Section 2244(d)(1) of title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

1      (B) the date on which the impediment to filing an application
       created by State action in violation of the Constitution or laws of
2      the United States is removed, if the applicant was prevented from
       filing by such State action;
3
       (C) the date on which the constitutional right asserted was initially
4      recognized by the Supreme Court, if the right has been newly
       recognized by the Supreme Court and made retroactively
5      applicable to cases on collateral review; or

6      (D) the date on which the factual predicate of the claim or claims
       presented could have been discovered through the exercise of due
7      diligence.

8  28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed

9  application for State post-conviction or other collateral review with respect to the pertinent

10 judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. §

11 2244(d)(2).

12         For purposes of the statute of limitations analysis, the relevant chronology of this

13 case is as follows:

14         1. On June 28, 2002, petitioner was sentenced to fifty years to life in prison

15 following his August 5, 2002 conviction.

16         2. Petitioner appealed from the judgment and sentence.  On December 31, 2003,

17 the California Court of Appeal for the Third Appellate District affirmed the judgment.

18         3. On March 17, 2004, the California Supreme Court denied petitioner's petition

19 for review.

20         4. On December 23, 2010, petitioner filed the instant action.[1]

21         The one year statute of limitations began to run on or about June 16, 2004, the day

22 after the ninety day period for seeking certiorari review by the United States Supreme Court

23 expired.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); see also Patterson v. Stewart,

---

[1] December 23, 2010 is the date on which petitioner delivered his federal petition to prison officials for mailing to this court and is therefore deemed the filing date.  See Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

2

1   251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner filed no state court collateral challenge to his
2   conviction.  The limitation period expired on year later, on or about June 16, 2005.  This action
3   was not filed until December 23, 2010, approximately five and one half years after the limitation
4   period expired.

5   In opposition to the motion, petitioner  to dismiss, petitioner asserts that he filed a
6   federal writ of habeas corpus from High Desert State Prison in August 2004, that he had been
7   waiting since then to "hear from the court" and that he filed a new petition on the advice of
8   another inmate.  Petitioner also asserts that he is actually innocent of the crime.

9   "'[A] litigant seeking equitable tolling [of the one-year AEDPA limitations
10  period] bears the burden of establishing two elements: (1) that he has been pursuing his rights
11  diligently, and (2) that some extraordinary circumstance stood in his way.' Pace v. DiGuglielmo,
12  544 U.S. 408, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).  '[T]he threshold necessary to
13  trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule.'
14  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002) (internal quotation marks and citation
15  omitted)." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006).

16  Petitioner has presented no evidence to support his assertion that he filed a federal
17  petition for writ of habeas corpus in 2004, and nothing in the records of this Court support that
18  assertion.  Nor does petitioner's contention that he is actually innocent support equitable tolling
19  of the limitation period.  Even if the actual innocence gateway of Schlup v. Delo, 513 U.S. 298
20  (1995) might provide a basis for equitable tolling of the limitation period, a question unresolved
21  by the United States Supreme Court or the United States Court of Appeals for the Ninth Circuit,
22  petitioner has failed to show that "it is more likely than not that no reasonable juror would have
23  found [him] guilty beyond a reasonable doubt." Id. at 327.

24  For all of the foregoing reasons, this action is barred by the statute of limitations
25  and should be dismissed.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the
26  United States District Courts, "[t]he district court must issue or a deny a certificate of

appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case.  Specifically, there is no showing that jurists of reason would find it debatable whether this action is barred by the statute of limitations.  Accordingly, the district court should not issue a certificate of appealability.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Respondent's February 23, 2011 motion to dismiss be granted;

2. This action be dismissed as barred by the statute of limitations; and

3. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: March 24, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
brow3458.mtd